CASE 101—PETITION FOR MANDAMUS—JANUARY 30.

# Norman, Auditor, v. Wood.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

COMPENSATION OF SPECIAL JUDGE.—Where a special judge selected for a term was unable to preside in two cases because of his former employment as attorney in them, and by agreement of parties another special judge was selected for those two cases, the special judge thus selected was entitled to be paid by the State for the days spent by him in the trial of those cases, although the special judge selected for the term was paid for the entire term.

.WM. J. HENDRICK, ATTORNEY-GENERAL FOR APPELLANT.

The auditor can not pay two special judges for holding court during the same term. (Ky. Stats., secs. 969, 970.)

WM. H. HOLT FOR APPELLEE.

There is no pleading alleging that any other special judge has been paid for the time for which appellee claims pay, and therefore his claim was properly allowed. (Ky. Stats., secs. 968, 969, £70.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The Honorable T. J. Scott is the regular judge of the Powell Circuit Court. Owing to his illness he was unable to hold the March term (1884) of the court; thereupon John D. Atkinson was elected special judge for the term. During the progress of the term cases came on for trial in which the special judge could not preside because of his previous employment as an attorney in the cases—two in number. By agreement of parties appellee, A. T. Wood, was selected as special judge in these two cases, the trial of which required Wood to serve ten days as special judge therein.

John D. Atkinson was paid by the State for his services as special judge for the term, and the auditor refused to is-

sue a voucher for the claim of Wood for his services as special judge, although it was allowed by the regular judge as required by law. Wood rendered his services as special judge during the term for which Atkinson was elected special judge.

Article 7, chapter 28, General Statutes, as amended by an act approved April 17, 1882 (Bullitt & Feland Statutes,. pages 372-3) [Ky. Stats., sec. 968], regulates the election of a special judge in certain cases, and also provides how they shall be compensated for the services which they respectively render as such judges.

The article as amended provides that the special judge who is elected to hold the court on account of the absence of the regular judge, shall do so for the term unless the regular judge sooner return to take his place on the bench. "The judge so elected shall preside in all cases called during the term, in the absence of the regular judge, and in all cases in which the regular judge can not properly preside, except in those cases in which it is *improper for said special judge to preside.*"

There are other states of case where a special judge can be elected, to-wit: When the regular judge is in attendance but "can not properly preside *in an action, proceeding or prosecution*" pending in said court, or when a party files an affidavit, stating the judge will not afford him a fair and impartial trial, but the election in the instances mentioned takes place when the parties fail to agree upon an attorney to try the cause.

When an attorney is thus selected he holds the court for the "occasion"—that is to say, for the trial of the case or cases in which he was selected or elected, as the case may be. When a special judge has been elected for a term or for the balance of a term, he presides in all cases called during

.such time for which he may be elected, *"except in those cases in which it is improper for said judge to preside."*

Appellee was selected to act in two cases in which the special judge could not properly preside. The statute certainly authorized the selection of appellee to act as a special judge in the cases under discussion. It is manifest that the selection of Wood did not annul the election of Atkinson as special judge during the term. Wood could not, by virtue of his selection to preside in two certain cases, preside at the trial of other cases pending in the court. His right to preside as special judge was limited to the two cases in question.

While the term continued, although the days were principally consumed in the trial of the cases in which Wood presided, the special judge, Atkinson, was presiding during motion hours and the reading of the orders of the court, it may be hearing cases in chambers, in fact doing many things required of him as special judge of the court. It was, therefore, right that the auditor should issue a voucher to Atkinson for the days he served as special judge. That Atkinson was so paid is no reason Wood should not be paid for the time he served as special judge. The exigencies of the situation required that he or some other attorney should be selected as special judge to try the cases in which he was selected to preside.

When "the parties to an action" agree upon a person to preside, he shall "be paid in the same manner as if elected by the attorneys of the court."

When the statute in effect provides that a special judge shall "hold the court for the occasion" for which he is elected or selected, and also provides that when he is elected "he shall be paid for his services," and likewise it is provided that when one is agreed upon by the parties he shall "be

paid in the same manner as if elected by the attorneys of the court," there is no escape from the conclusion that the appellee is entitled to pay for his services as special judge for ten days at eight dollars per day.

The authority to select or elect a special judge in a single case is as complete as it is to elect one for a term of the court. The law requires the payment of the special judge in the one as in the other case. The special judge in a single case is as much entitled to pay for his services, when there is a special judge for the term, as he would be were the regular judge holding the court.

Wherefore the judgment is affirmed.